CHARLES A. STEWART *vs.* REBECCA RAAB *et al.*

Submitted on briefs July 18, 1893.   Affirmed Sept. 8, 1893.

No. 8291.

**Effect of a License to Practice Medicine Under Laws 1883, Ch. 125.**
A certificate to practice medicine issued by the board of state examiners, under the conditions of Laws 1883, ch. 125, authorizes the holder to practice the profession in all of its branches.

Appeal by defendants, Rebecca Raab and Jacob B. Raab, her husband, from an order of the District Court of St. Louis County, *Josiah D. Ensign,* J., made February 8, 1893, denying their motion for a new trial.

Charles A. Stewart was a physician and surgeon practicing his profession at Duluth. He was employed by defendants to visit, treat and perform certain surgical operations upon the wife, Rebecca. They failed to pay his bill and he brought this action against them to recover the amount, $404. He was a witness in his own behalf and proved the services and their value. He introduced in evidence his certificate issued to him by the State Medical Examining Board on June 30, 1884, authorizing him "to practice medicine in this state," and it was received. Defendants requested the judge to charge the jury that this certificate did not authorize plaintiff to practice surgery. The request was refused and defendants excepted.

The defendants then requested the Judge to charge the jury that Laws 1883, ch. 125, provides for issuing license to practice one branch or more of the profession, and that plaintiff's certificate which authorizes him "to pursue the practice of medicine in this state" is not authority for him to practice surgery. The request was refused and defendants excepted.

The jury returned a verdict for plaintiff for the amount he claimed with interest. Defendants made a bill of exceptions which was approved, signed and filed, and on it they moved for a new trial for error in refusing to charge the jury as requested. The motion was denied and they appeal.

*Lord & Norton,* for appellants.

*Moer, Towne & Harris,* for respondent.

COLLINS, J. Laws 1883, ch. 125, is entitled "An act to regulate the practice of medicine in the state of Minnesota," and the first section prescribes that every person practicing medicine in any of its departments shall possess the qualifications required by the act. To persons possessing these qualifications, certificates shall be issued by a board of examiners, and these certificates authorize the possessors to practice "medicine and surgery" in this state. The terms "practice of medicine," in the title of the act, and "practicing medicine," in its first section, are used in the broad and popular sense in which they are generally understood, applied, and, in fact, defined. One practicing medicine practices "the art of preventing, curing, or alleviating diseases, and remedying as far as possible the results of violence and accident." Therapy is the treatment of disease, and surgery is therapy of a distinctly operative kind. The plaintiff's certificate, in terms, authorized him to pursue the practice of medicine under the conditions of the act of 1883, and necessarily this included surgery. There is nothing whatever in appellants' point that, because surgery was not expressly mentioned in the certificate, plaintiff violated the law when performing surgical operations. The statute in question does not require a license or certificate for each department in medicine.

As the case comes up on a bill of exceptions, we cannot pass on appellants' claim that the evidence did not justify the charge to

the jury that in no event could more than nominal damages be awarded to defendants on their counterclaim.

Order affirmed.

(Opinion published 56 N. W. Rep. 256.)